UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DEVANTE MARQUISE CRUMP,<br><br>        Petitioner,<br><br>v.<br><br>RUSSELL ROSS and STATE OF IDAHO,<br><br>        Respondents. | Case No. 1:24-cv-00524-DCN<br><br>**INITIAL REVIEW ORDER** |

Petitioner DeVante Marquise Crump has filed a Petition for Writ of Habeas Corpus challenging state court convictions. *See Pet.*, Dkt. 3. The Court is required to review every habeas corpus petition upon receipt to determine whether it should be served upon the respondent, amended, or dismissed. If "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the petition must be summarily dismissed. Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

REVIEW OF PETITION

1.      **Background**

In the Fourth Judicial District Court in Ada County, Idaho, Petitioner pleaded guilty to two counts of attempted robbery and one count of attempted grand theft. The judgment of conviction was entered on December 15, 2021. Petitioner was sentenced to a unified term of ten years in prison with three years fixed. Petitioner did not file a direct appeal, but

he did pursue state post-conviction relief. It appears Petitioner was granted post-conviction relief at some point, though the current status of Petitioner's state court proceedings is unclear. *Pet.* at 2–3.

The Court construes the Petition as alleging the following claims.[1] Claim 1 appears to assert a freestanding claim of actual innocence. *Id.* at 6 ("The alleged 'crimes' which I was arrested for/on in my opinion were never illegal crimes.").

In Claim 2, Petitioner states that there was no video of the crime, no statements from the victims, no witnesses, and no fingerprints. Petitioner complains that he was convicted on hearsay alone. This appears to be a due process claim of insufficient evidence. *See Jackson v. Virginia*, 443 U.S. 307, 316 (1979) ("[N]o person shall be made to suffer the onus of a criminal conviction except upon sufficient proof—defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense.").

Claim 3(a)[2] asserts ineffective assistance of counsel, based on counsel's alleged "railroad[ing]" Petitioner into pleading guilty and waiving his preliminary hearing. Claim 3(b) asserts trial court error with respect to accepting the plea, and Claim 3(c) asserts that the prosecutor similarly "railroad[ed]" Petitioner with respect to his guilty plea. Claim 3(d) asserts ineffective assistance of state post-conviction counsel.

Petitioner alleges few facts to support any aspect of Claim 3. However, mindful of

---

[1] If the Court's construction of any claim is incorrect, Petitioner must inform the Court and Respondent of all corrections within 28 days after entry of this Order.

[2] For convenience, the Court has added alphanumeric identifiers for the different sub-claims in Claim 3.

INITIAL REVIEW ORDER - 2

Petitioner's pro se status, the Court will construe Claim 3 and all of its sub-claims to the same extent they were raised in state court.

Finally, Claim 4 appears to assert a due process claim of unlawful destruction of evidence. *See California v. Trombetta*, 467 U.S. 479, 488 (1984) (no due process violation for failing to retain breath samples because, "[i]n failing to preserve breath samples for respondents, the officers here were acting in good faith and in accord with their normal practice.") (internal quotation marks omitted).

**2.    Discussion**

Federal habeas corpus relief is available to prisoners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a).

**A.    *Claims Subject to Dismissal***

A freestanding claim of actual innocence is not cognizable—meaning that it cannot be heard—on federal habeas review, at least in noncapital cases like Petitioner's. *Stephenson v. Blades*, No. 1:13-CV-00285-BLW, 2014 WL 3509448, at *7 (D. Idaho July 14, 2014) (unpublished); *see Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.... This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the

Constitution—not to correct errors of fact.").[3] For this reason, Claim 1 must be dismissed.

Claim 3(d), which alleges ineffective assistance of post-conviction counsel, must also be dismissed. There is no federal constitutional right to the effective assistance of counsel in state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993).[4] Accordingly, it is plain from the face of the Petition that Petitioner is not entitled to relief on Claim 3(d).

### B. *Petitioner's Remaining Claims*

Petitioner may proceed at this time on his remaining habeas claims. A petitioner must "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To properly exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

If, in this case, Petitioner did not properly exhaust his claims in the Idaho Supreme Court before filing his federal Petition, he may face procedural challenges from Respondent. The Court does not have the full record before it to determine whether Petitioner has properly exhausted his claims. The Court will order the Clerk of Court to serve the Petition upon Respondent, who will be permitted to file an answer or a pre-answer motion for summary dismissal and will be ordered to provide a copy of relevant portions

---

[3] Actual innocence can, however, serve as "a gateway through which a habeas petitioner [may] pass to have his otherwise barred constitutional claim considered on the merits." *Herrera*, 506 U.S. at 404.

[4] However, ineffective assistance of post-conviction counsel can, in limited circumstances, constitute cause to excuse the default of a claim of ineffective assistance of trial counsel. *Martinez v. Ryan*, 566 U.S. 1, 9 (2012).

of the state court record to this Court.

Accordingly, Petitioner may proceed on the Petition to the extent that the claims (1) are cognizable—meaning they actually can be heard—in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or are subject to a legal excuse for any failure to exhaust in a proper manner. At this time, the Court expresses no opinion as to whether any of these issues applies to any of Petitioner's claims.

## REQUEST FOR APPOINTMENT OF COUNSEL

Petitioner has requested appointment of counsel. *See Pet*. at 10. There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson*, 501 U.S. 722, 755 (1991). A habeas petitioner has a right to counsel, as provided by rule, if an evidentiary hearing is required in the case. *See* Habeas Rule 8(c). In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on the petitioner's ability to articulate the claims in light of the complexity of the legal issues and the petitioner's likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

At this point, the Court concludes that, based on the evidence currently in the record (Dkt. 3), it is unlikely that Petitioner will be able to meet the strict standards of 28 U.S.C. § 2254(d) for issuance of a writ of habeas corpus. Therefore, at this time the Court will

deny the request for appointment of counsel. The Court will notify the parties if it determines, at a later date, that appointment of counsel may be appropriate.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Application to Proceed in Forma Pauperis (Dkt. 1) is GRANTED. Petitioner must pay the $5.00 filing fee when Petitioner next receives funds in Petitioner's prison trust account.

2. Petitioner's request for appointment of counsel (contained in the Petition) is DENIED without prejudice.

3. Claim 1 and Claim 3(d) are DISMISSED as noncognizable. Petitioner may proceed at this time on the remaining claims in the Petition.

4. The Clerk of Court will serve (via ECF) a copy of the Petition (Dkt. 3), along with any attachments, together with a copy of this Order, on L. LaMont Anderson, on behalf of Respondent, at Mr. Anderson's registered ECF address.

5. Within 120 days after service of the Petition, Respondent may file either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer on the merits if the motion is unsuccessful); or (2) an answer on the merits that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative). The Court may consider the merits of claims that may be subject

        to a procedural bar if the merits analysis is more straightforward than a complicated procedural analysis.

6. Respondent must file with the responsive pleading or motion, or within a reasonable time thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations—which must be provided to the Court if the petition contains any sentencing claims—must be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

7. If the response to the habeas petition is an answer, Petitioner must file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which must be filed and served within 28 days after service of the answer and brief. Respondent has the option of filing a sur-reply within 14 days after service of the reply. At that point, the case will be deemed ready for a final decision.

8. If the response to the habeas petition is a motion, Petitioner's response must be filed and served within 28 days after service of the motion, and Respondent's reply, if any, must be filed and served within 14 days thereafter.

INITIAL REVIEW ORDER - 7

9. In the response to the habeas petition, whether a pre-answer motion or an answer and brief, Respondent must include citations to all portions of the state court record that support Respondent's assertions. Although Respondent may include citations to a state appellate court decision that describes events that took place in a lower court, Respondent must also include citations to the underlying lower court record.

10. If any of Petitioner's claims is currently under consideration in state court proceedings, any party may file a motion to stay this case pending the outcome of those proceedings. *See Rhines v. Weber*, 544 U.S. 269, 277–78 (2005); *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016).

11. No party may file supplemental responses, replies, affidavits, or other documents not expressly authorized by the Local Rules or by this Order without first obtaining leave of Court.

12. No discovery may be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Habeas Rules.

13. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. The Court will notify the parties if additional briefing is required on any issue.

14. Each party must ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

15. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

16. Petitioner must at all times keep the Court and Respondent advised of any change in address.

17. If Petitioner's custodian changes at any point during this litigation, Petitioner must file a Notice of Substitution of Respondent, within 28 days of such

change, identifying the person who is substituted as Respondent. *See* Fed. R. Civ. P. 25(d); Habeas Rule 2(a).

DATED: March 20, 2025

_____
David C. Nye
Chief U.S. District Court Judge